UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAVID THILL,                                                      CIVIL NO. 08-4612 (PJS/JSM)

v.                                                            <u>REPORT AND RECOMMENDATION</u>

OLMSTED COUNTY and
the STATE OF MINNESOTA,

        Defendants.

The above matter came on before the undersigned upon the State of Minnesota's Motion for Summary Judgment [Docket No. 28] and upon Olmsted County's Motion for Summary Judgment [Docket No. 38]. Thill appeared pro se. Gregory J. Griffiths appeared on behalf of defendant Olmsted County, and John S. Garry appeared on behalf of the State of Minnesota. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and Local Rule 72.1(c).

## I.    FACTUAL BACKGROUND

Plaintiff David Thill ("Thill") alleged the following in his Amended Complaint [Docket No. 15]. On October 19, 2007, Thill visited the Olmsted County Government Center in Olmsted County, Minnesota, to deliver a letter to the County Clerk's office concerning a small claims court case. Amended Complaint, ¶ 20. As he was leaving the building, one of the doors slammed against his right shoulder so hard that it pushed his body up against the middle door pillar. <u>Id</u>. At the time of this incident, Thill was receiving social security disability and was recovering from reconstructive surgery on his right shoulder. <u>Id</u>., ¶¶ 14, 19. Thill informed the county attorney of the incident with the

door, and subsequently, the thrust required to open and shut the door was greatly reduced. Id., ¶ 21. Prior to this incident, Thill was unaware of any handicap entrances to the building, and the handicap entrances to the building were not marked. Id., ¶ 22. Additionally, most of the handicap parking was located by the main entrance to the building, which Thill claimed was not handicapped accessible, and there were no benches for a disabled person to stop and rest between these entrances and the parking area. Id., ¶ 23. Thill also alleged that when he visited the Olmsted County Government Center between October and November of 2007, he was unable to use a bathroom because the building did not provide a unisex restroom where a personal assistant of the opposite sex could assist a disabled individual. Id., ¶ 24.

Thill alleged four violations of the Americans with Disabilities Act ("ADA").[1] First, Thill claimed that the ADA requires all entrances and exits to a public building that are not handicapped accessible to have proper signs indicating where there are handicap entrances and exits, and that as of October 2007, no signage existed. Am. Complaint, p. 4. Second, Thill claimed that there were no unisex bathrooms available, and that although the ADA does not require all bathrooms to be unisex, it does require that a certain percentage of bathrooms be unisex and also requires signage as to where unisex bathrooms may be found. Id. Third, Thill alleged that even entrances that are not handicapped accessible are required to be maintained so that the thrust needed to open and close the door meets ADA requirements. Id. Lastly, Thill asserted that the parking lot at the Olmsted County Government Center provides parking at a distance

---

[1] Thill's Amended Complaint also claimed that there were an insufficient number of handicapped parking spaces in the parking lots of other Olmsted County buildings. Am. Complaint, p. 5. At the hearing on these motions, Thill stated that he was dropping this claim.

greater than 100 feet from the building entrances, and the County did not provide benches between the parking lot and the entrances as required by Title II of the ADA. Id., p. 5. Thill alleged that he had suffered personal injury from this incident, he was scheduled for surgery to his shoulder, and that the outcome of this surgery was "unpredictable." Thill also claimed actual damages, emotional distress, loss of sleep, anxiety and hopelessness, and that his injury has affected his relationship with his wife and daughter because they were worried that he would require more surgery on his shoulder. Id.

By way of relief, Thill requested that defendants be required to bring all facilities "up to ADA rules and regulations within six months," and that the facilities be subsequently inspected and approved by the United States Department of Justice. Am. Complaint, p. 6. Thill sought an award of $10 million dollars, coverage of all of his medical expenses, and $30 million dollars in punitive damages. Id.

The present matter is now before the Court based on the defendants' motions for summary judgment.

## II.   STANDARD OF REVIEW

Summary judgment is proper if, drawing all reasonable inferences favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); see also Winthrop Res. Corp. v. Eaton Hydraulics, Inc., 361 F.3d 465, 468 (8th Cir. 2004) (finding that a court "must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the non-

moving party."). "[S]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327. "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" DePugh v. Smith, 880 F. Supp. 651, 656 (N. D. Iowa 1995) (quoting Anderson, 477 U.S. at 248).

The party moving for summary judgment bears the burden of showing that the material facts in the case are undisputed. Celotex Corp., 477 U.S. at 322-23; see also Mems v. City of St. Paul, Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party." Ohio Cas. Ins. Co. v. Union Pac. R.R., 469 F.3d 1158, 1162 (8th Cir. 2006). If the moving party has carried its burden, the non-moving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Anderson, 477 U.S. at 256; Krenik v. County of LeSueur, 47 F.3d 953, 957 (8th Cir. 1995). "The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial." Minnesota Laborers Health & Welfare Fund v. Swenke, 2003 U.S. Dist. LEXIS 11439, *4-5 (D. Minn. 2003) (citations omitted). The non-moving party "must substantiate his allegations with sufficient probative evidence that would permit a finding in [their] favor based on more than mere speculation, conjecture, or fantasy." Wilson v. Int'l Bus. Mach. Corp., 62 F.3d 237, 241 (8th Cir. 1995).

4

## III. MOTIONS

Defendant Olmsted County moved for summary judgment, arguing that 1) there was no evidence of negligence or that Thill had sustained an injury caused by Olmsted County on October 17, 2007; 2) there was no evidence to support Thill's claims that Olmsted County violated Title II of the Americans with Disabilities Act; and 3) punitive damages were not recoverable for violations of Title II of the ADA. Olmsted's Mem. in Support [Docket No. 40].

Defendant State of Minnesota also moved for summary judgment, arguing that 1) the Eleventh Amendment barred Thill's state-law tort claim against the State of Minnesota; 2) Thill's ADA claims failed because Thill was not denied access to Olmsted County Government Center based on a disability; and 3) even if his suit against the State was actionable under the ADA, it was also barred by the Eleventh Amendment because it did not fall with the limited areas that abrogate Eleventh Amendment immunity. State's Mem. in Support [Docket No. 45].

Thill did not file a responsive memorandum;[2] rather, he filed a series of exhibits consisting of the following: his medical records (Exhibit 1); two letters from a licensed

---

[2] Rule 7.1(e) of the Local Rules for the District of Minnesota provides:

> (e) Failure to Comply. In the event a party fails to timely deliver and serve a memorandum of law, the Court may strike the hearing from its motion calendar, continue the hearing, refuse to permit oral argument by the party not filing the required statement, consider the matter submitted without oral argument, allow reasonable attorney's fees, or proceed in such other manner as the Court deems appropriate.

Notwithstanding this provision, in light of Thill's submission of documents and appearance at the hearing on the defendants' motions, the Court conducted the hearing on the motions and allowed Thill to make oral argument to the Court.

5

psychologist regarding his treatment of Thill (Exhibit 2); a letter from the Civil Rights Division of the Department of Justice and a letter from the United States Attorney's Office regarding Thill's complaints about Olmsted County Government Center and Rochester City Hall, along with a photograph of the entrance to Rochester City Hall (Exhibit 3); a letter from the Rochester City Attorney regarding Thill's complaint about Olmsted County Government Center (Exhibit 4); various photographs of the exteriors of Olmsted County Government Center and Rochester City Hall (Exhibit 5); and a letter dated March 5, 2009 from chiropractor David Tucker stating that Thill had difficulty with the doors at Olmsted County Government Center and recalling that the doors required a lot of force to open several years ago, but several months prior it was easier to open the doors (Exhibit 6).

## IV. DISCUSSION

### A. ADA Claims

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The term "public entity" includes any state or local government as well as any department, agency, special purpose district, or other instrumentality of a State or States or local government. 42 U.S.C. § 12131(1)(A) and (B).

"To establish a violation of Title II of the ADA, [a plaintiff] must demonstrate: (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of the [facility's] services, programs, or activities,

6

or was otherwise subjected to discrimination by the [facility]; and (3) that such exclusion, denial of benefits, or other discrimination was by reason of his disability." Baribeau v. City of Minneapolis, 596 F.3d 465, 484 (8th Cir. 2010) (citing Layton v. Elder, 143 F.3d 469, 472 (8th Cir. 1998)).

The ADA defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

A "disability" under the ADA is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1). Major life activities include, among others, caring for oneself; performing manual tasks; seeing, hearing; speaking; breathing; learning; reading; communicating; and working. 42 U.S.C. § 12101(2)(A). Major life activities also include the operation of a major bodily function such as the immune system; digestive system; neurological system; respiratory; bladder; brain; endocrine; reproductive and circulatory systems. 42 U.S.C. § 12101(2)(B).

Additionally, "[d]isability under the ADA requires permanent or long-term impairments, see 29 C.F.R. § Pt. 1630, App. § 1630.2(j), and impairments while recovering from surgery are not evidence of a permanent disability, see Heintzelman v. Runyon, 120 F.3d 143, 145 (8th Cir. 1997)." Gutridge v. Clure, 153 F.3d 898, 901-02 (8th Cir. 1998). See also Adams v. Citizens Advice Bureau, 187 F.3d 315, 316-17 (2nd

Cir.1999) (three-and-a-half month temporary injury did not substantially limit a major life activity under ADA); Roblero-Barrios v. Ludeman, 2008 WL 4838726 at *6 (D.Minn. Nov. 05, 2008) (Plaintiff did not qualify as disabled under the ADA when he was temporarily confined to a wheelchair on two occasions after being treated for a dislocated knee).

### 1. Thill Did Not Present Evidence that He Was Disabled

Thill's ADA claims against Olmsted County and the State of Minnesota fail because the undisputed evidence before this Court does not support a violation of the ADA. In particular, Thill has not presented evidence to show he had a disability as defined by the ADA — i.e. that his shoulder condition substantially limited one or more major life activities or that it was permanent.

In the Amended Complaint, Thill alleged that he was disabled prior to the further injuries he incurred at the Government Center, he was receiving social security disability, and therefore he qualified for civil rights provided by the ADA. Am. Complaint, ¶ 14. While Thill did not provide evidence that he was receiving social security disability benefits, he did provide various medical records dating from August of 2007 to January of 2009. See Docket No. 50-1. However, none of these medical records establish that Thill was actually a disabled individual – i.e. the permanency of his condition or the extent to which it affected his major life activities. Rather, these records are treatment notes detailing visits by Thill for his shoulder problems, and merely delineate Thill's shoulder condition. "It is insufficient for individuals attempting to prove disability status under the test to merely submit evidence of a medical diagnosis of an impairment. Instead, the ADA requires those claiming the Act's protection ... to prove a disability by

offering evidence that the extent of the limitation [caused by their impairment] in terms of their own experience ... is substantial." Toyota Motor Manufacturing, Kentucky, Inc. v. Williams, 534 U.S. 184, 198 (2002) (citations omitted).

Having submitted no affidavit or any other documentation evidencing the substance of his impairment and its limitations on his life,[3] Thill has not presented facts to show that he has a qualifying disability sufficient to trigger coverage under the ADA. This finding alone dictates that summary judgment should be granted to all defendants. Nevertheless, for completeness, this Court briefly will address the remaining elements of an ADA claim and Thill's claim for punitive damages.

### 2. Thill Did Not Present Evidence He Was Excluded from Participation In or Denied The Benefits of Services at Olmsted County

The next factor that must be addressed by Thill to establish a violation of the ADA was that he was excluded from participation in or denied the benefits of services at Olmsted County. Both Olmsted County and the State asserted that Thill failed to

---

[3] The only "major life activity" discussed in the Amended Complaint that could be interpreted as limited by Thill's shoulder impairment was his allegation that he could not use the bathrooms at Government Center because he required assistance to button and unbutton his pants. Caring for oneself is a major life activity, see 42 U.S.C. § 12101(2)(A). However, the singular limitation of inability to button and unbutton pants does not compel the conclusion that Thill is substantially limited in the major life activity of caring for himself. Further, Thill does not allege any other specific activities with which he has difficulty, and without further evidence, the inability to fasten and unfasten pants does not demonstrate that Thill is substantially limited in the major life activity of caring for himself. See Holt v. Grand Lake Mental Health Center, Inc., 443 F.3d 762, 767 (10th Cir. 2006 (in finding that plaintiff did not establish that she was substantially impaired in the ability to perform the major life activity of caring for herself, court found that "[i]t is undisputed that [plaintiff] occasionally must ask others for assistance when buttoning her clothing; [plaintiff] has introduced no evidence, however, that would permit a factfinder to conclude she is severely restricted in dressing herself.").

produce any evidence in support of this issue.  See Olmsted County Mem. in Supp., p. 12; State Mem. in Support, p. 6.  The Court agrees.

### a. Signage of Entrances and Exits

Thill first contended that the ADA requires all entrances and exits to a public building that are not handicapped accessible to have proper signs indicating where there are handicap entrances and exits, and that as of October 2007, no signage existed.  According to Olmsted County, all of the entrances and exits at Olmsted County Government Center are handicapped accessible, meet the Minnesota Accessibility Code requirements, and the exterior public entrance doors are maintained according to ADA standards.  Monsees Aff., ¶¶ 3-5.  Thill offered no evidence to the contrary.

The Code of Federal Regulations effectuates and implements the ADA.  The ADA mandates that signs indicating the location of handicapped accessible entrances are required only when all entrances are not handicapped accessible. 28 C.F.R. § 36 (Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities), Appendix A (ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"), § 4.1.2(7)(c)[4] ("Elements and spaces of accessible facilities which shall be identified by the International Symbol of Accessibility and which shall comply with [relevant guidelines] are:…Accessible entrances <u>when not all are accessible</u> (inaccessible entrances shall have directional signage to indicate the route to the nearest accessible entrance))." (emphasis added); ADAAG § 4.1.3(8)(d) ("Entrances

---

[4] The ADA has established "design requirements for the construction and alteration of facilities in the private and public sectors. These requirements are known as the ADA Accessibility Guidelines or "ADAAG." ADAAG contains requirements for new construction and alterations."
 http://www.access-board.gov/adaag/about/using%20adaag.htm

10

which are not accessible shall have directional signage complying with [relevant guidelines], which indicates the location of the nearest accessible entrance.").

Here, Thill's claim that the signage of the entrances and exits to Olmsted County Government Center are in violation of the ADA is without merit because the undisputed testimony is that all entrances and exits are handicapped accessible, and thus, no such signage is required. Furthermore, Thill admitted in his deposition that he was not excluded from participation in or denied the benefits of the Olmsted County Government Center because of lack of signage at the entrances and exits:

> Q: Sure. Well, you know, you have made claims, for example, about the doors here and you have also made some claims about the Americans with Disabilities Act and I'm going to get into that next, but before I get into that I just want to know, is there anything about the Government Center's entrances, signage, anything else that have ever prevented you to [sic] having access to the building?
>
> A: Um-hm – not that I can remember if you're talking strictly about the entrances and exits.
>
> Q: Sure. Okay. Yep. And you have had access to the courts, for example?
>
> A: Yes.
>
> Q: And you had access to Social Service for whatever need there?
>
> A: Yes.

Thill Dep., p. 50. By Thill's own admission, he was not excluded from participation in or denied the benefits of the Olmsted County Government Center due to the entrance and exit signage.

    b. <u>Unisex Bathrooms</u>

Thill claimed that there were no unisex bathrooms available, and asserted that although the ADA does not require all bathrooms to be unisex, it does require that a

11

certain percentage of bathrooms be unisex and also requires signage as to where unisex bathrooms may be found. Am. Complaint, p. 4. In response, Olmsted County argued that the ADA does not require unisex bathrooms. Olmsted County Mem. in Support, p. 13.

The Court was not able to locate, nor did Thill provide, any ADA provision or law requiring unisex bathrooms. Indeed, the Court's review of the ADA standards and ADA Accessibility Guidelines compels the conclusion that the ADA in fact does not require unisex bathrooms. See ADAAG §§ 4.16-.23. Accordingly, Thill's claim that Olmsted County violated the ADA by failing to provide unisex bathrooms is unavailing. More importantly, however, Thill did not establish that he was denied access to Olmsted County Government Center because of the lack of unisex bathrooms. To the contrary, Thill testified regarding the unisex bathrooms as follows:

> Q: And is there anything about the Government Center that ever prevented you from going there?
>
> A: Actually, lack of knowledge as to where the single use or the uni-sex bathrooms were, or are, prior to this incident was one of the reasons why my wife and I was more eager to settle the claim against Ashley Furniture because when I went there I needed to use the restroom and I was – you have a men's restroom and a women's restroom and with one arm immobilized it was not physically possible for me to do or undo my pants to go to the restroom.
>
> So in that sense we settled the case for them repairing the furniture with no extended warranty had it been not for that we would have settled for them repairing the furniture with an additional six months warranty because the same problem existed six months after they repaired the furniture.

Thill Dep., p. 50-51.

It appears that Thill is maintaining that he settled a case in small-claims court at Olmsted County Government Center sooner than he would have, or for less than he

12

would have, if unisex bathrooms had been available to him at the Government Center. The Court does not find that this amounts to an exclusion from participation in or denial of the benefits of a public entity's services, programs or activities. "To show a violation of Title II, [Thill] must specify a benefit to which he was denied meaningful access based on his disability." Mason v. Correctional Medical Services, Inc., 559 F.3d 880, 888 (8th Cir. 2009) (citing 42 U.S.C. § 12132). Here, Thill fails to identify a particular benefit that the Olmsted County Government Center denied him. Thill acknowledged that he visited Olmsted County Government Center between October and November of 2007 for settlement conferences, indicating that he went there more than one time. Am. Complaint, ¶ 24. Thill has not alleged that he was unable to enter the Olmsted County Government Center or that he could not utilize the services of small claims court because there were no unisex bathrooms—his only claim was that he may have settled a small claims case differently if there had been unisex bathrooms at the Government Center. The Court does not find this constitutes denial of meaningful access to the Government Center.

c. Thrust of Doors at Entrances

Thill submitted that even entrances that are not handicapped accessible are required to be maintained so that the thrust needed to open and close the door meets ADA requirements. Am. Complaint, p. 4. Olmsted County did not specifically address this assertion in its motion for summary judgment. However, as discussed above, the undisputed evidence is that all of the entrances at Olmsted County Government Center are handicapped accessible, and maintained in accordance with the ADA standards. Monsees Aff., ¶¶ 3-5. Furthermore, the doors at the Government Center are maintained

13

on a regular basis. Id., ¶ 6. The specification for the opening and closing force of the doors states that "closing speed (sweep) is set to achieve at least a three second period from the release point of the door being positioned at the 70 degrees to within three inches from the last position." Id., ¶ 6(a). Under ADAAG, "if a door has a closer, then the sweep period of the closer shall be adjusted so that from an open position of 70 degrees, the door will take at least 3 seconds to move to a point 3 in (75 mm) from the latch, measured to the leading edge of the door." ADAAG § 4.13.10. Therefore, the evidence before the Court indicates that the door was indeed maintained in accordance with the ADA. Notably, Thill again did not allege that he was denied access to or participation in the benefits offered at the Olmsted County Government Center because of the thrust of the doors at the entrances. As set forth above, Thill instead testified that there was nothing about the Government Center's entrances that prevented him from having access to the building. See Thill Dep., p. 50.

d. Benches in Parking Lot

Thill alleged that the parking lot at Olmsted County Government Center provides parking at a distance greater than 100 feet from the building entrances, and the County did not provide benches between the lot and the building entrances as required by Title II of the ADA. Olmsted County argued that the ADA does not require benches located between handicap parking and building entrances. Olmsted County Mem. in Support, p. 15.

The Court is unable to find, nor does Thill provide, any provisions in the ADA or law interpreting the ADA mandating benches between handicap parking and building entrances. And again, Thill did not allege that he was denied access to the Government

Center because there were no benches in the parking lot. Accordingly, Thill's claim regarding benches must fail.

### 4. This Did Not Present Evidence to Show that He Was Discriminated Against on the Basis of His Disability

With respect to third factor required to sustain a claim of an ADA violation, Thill has offered no evidence to show that he was discriminated against on the basis of his disability. See Wales v. Trung, 2009 WL 4906502 at *11 (D.Minn. Dec. 16, 2009) (where plaintiff did not present evidence or even allege that a similarly situated non-disabled person was treated better than he, summary judgment recommended on Title II claim). Lacking such evidence is fatal to his suit premised on the ADA.

### 5. **Punitive Damages**

"[P]unitive damages may not be awarded in private suits…brought under § 202 of the ADA and § 504 of the Rehabilitation Act." Barnes v. Gorman, 536 U.S. 181, 189 (2002). See also Developmental Services of Nebraska v. City of Lincoln, 504 F.Supp.2d 726, 737 n. 20 (D.Neb. 2007) (citing Barnes, 536 U.S. at 191) ("Congress did not authorize punitive damages under Section 504 of the Rehabilitation Act of 1973 or Title II of the ADA."). Because punitive damages are not authorized in this case under Title II of the ADA, Thill's claims for punitive damages should be dismissed.

In summary, Thill has set forth no facts showing that his claims should survive summary judgment. First, Thill has not come forward with any evidence showing that he is a qualified individual with a disability as defined by the statute. Second, he has presented no evidence showing that he was excluded from any service offered at the Olmsted County Government Center. Third, he has offered no evidence that conduct of defendants was based on his disability. Thill has failed to present evidence bearing on

these three essential elements, entitling defendants to summary judgment on Thill's ADA claims. See Baribeau v, 596 F.3d at 485 () ("[b]ecause of this failure of proof concerning an essential element, the County is entitled to judgment on [plaintiff's] Title II claim as a matter of law."); see also Thill v. Olmsted County Housing and Redevelopment Authority, 2010 WL 1257676 at *3 n. 4 (D.Minn. Mar. 26, 2010) (where same plaintiff asserted claims that defendant had violated the ADA because their apartment building did not contain unisex bathrooms, did not have properly marked public entrances, and did not have a correct percentage of handicapped parking spaces, the court granted summary judgment, stating the "Thills have not responded to the County's Motion requesting summary judgment on these claims. Accordingly, there is nothing in the record indicating that any County public building lacks the required bathroom facilities, has improperly marked entrances, or lacks the requisite amount of handicapped parking spaces. Therefore, these claims will be dismissed.").

For these reasons, the Court finds that Thill's claims under the ADA should be dismissed.

### B. Personal Injury Claim

Olmsted County characterized that part of Thill's Amended Complaint titled "Personal Injury" as a claim of negligence. Olmsted's Mem. in Support, p. 7 citing Am. Complaint at p. 5. The Court does not find that that Thill has alleged in his Amended Complaint a claim of negligence against either Olmsted County or the State of Minnesota. Further, the fact that Thill's ADA claim stemmed from an injury does not compel the inference of negligence.

> [T]he inclusion of a physical injury in [a] Title II claim does not convert the claim into a traditional negligence action premised on the violation of a

> duty owed by a landowner…to members of the public generally who are invited on to the premises. The primary injury alleged and proven under Title II in a case such as this remains the alleged violation by [the landowner] of its statutory duty to disabled persons to prevent the discriminatory denial of access to a service, program, or activity. The physical injury is an additional consequence of the violation of that statutory duty, which is of a different character than a duty owed to the general population.

Parker v. Universidad de Puerto Rico, 225 F.3d 1, 7 (1st Cir. 2000).

However, even if the Amended Complaint could be read to include a state negligence cause of action, the Court declines to exercise jurisdiction over this claim.

When the Complaint was filed in this case, this Court had original jurisdiction over Thill's federal ADA claims and supplemental jurisdiction over any state claim pursuant to 28 U.S.C. §1367(a), which provides as follows:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. §1367(a).

Subsection (c) of §1367 permits the Court to decline to exercise supplemental jurisdiction if any of the following conditions are met:

1. The claim raises a novel or complex issue of State law,
2. The claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
3. The district court has dismissed all claims over which it has original jurisdiction, or
4. In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims." Johnson v. City of Shorewood, Minnesota, 360 F.3d 810, 819 (8th Cir. 2004) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)).

Here, the Court is recommending that defendants be granted summary judgment on Thill's ADA claim and that it be dismissed. Therefore, as the only basis for bringing this case into federal court is gone, based on § 1367(c)(3), the Court recommends declining to exercise supplemental jurisdiction over Thill's state law claim.[5]

**V. RECOMMENDATION**

For the reasons stated above, the Court makes the following recommendation.

1. The State of Minnesota's Motion for Summary Judgment [Docket No. 28] be GRANTED;

2. Olmsted County's Motion for Summary Judgment [Docket No. 38] be GRANTED; and

3. Thill's claims under the ADA be DISMISSED WITH PREJUDICE; and

4. Thill's state law claims, if any, be DISMISSED WITHOUT PREJUDICE.

Dated:    July 20, 2010

*s/Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

---

[5] Because the Court has found that Thill's ADA claims should be dismissed, and refuses jurisdiction over the remaining claims, it is unnecessary to address the State's argument that the Eleventh Amendment precludes any alleged state-law tort claim or ADA claim against the State.

## NOTICE

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 3, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **August 3, 2010**.